### STATE

v.

### Glenn KOZAK.

### No. 92–231–C.A.

Supreme Court of Rhode Island.

Feb. 3, 1994.

Jeffrey Pine, Jane McSoley, Aaron Weisman, Providence.

Richard Casparian, Janice Weisfeld, Providence.

### ORDER

This matter came before the Supreme Court on January 25, 1994, pursuant to an order directing the parties to show cause why the defendant's appeal from judgments of conviction on three counts of second-degree sexual assault should not be summarily decided.

After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the matter will be summarily decided.

The charges stem from the testimony of Holly Matteson (Matteson) who babysat defendant's children the night of April 2–3, 1990. Matteson's mother is defendant's former wife's cousin. During that evening Matteson reported (first to her sister and mother, then four days later to police) that defendant had sexually assaulted her. Matteson's initial reports of the events did not include her eventual claim of rape by defendant, who admitted rubbing her leg and caressing her lower back, but denied having intercourse. The jury returned a verdict of not guilty as to first-degree sexual assault and guilty on three second-degree sexual assault counts.

We are of the opinion that the trial justice's instruction on reasonable doubt permitted jurors to entertain a higher degree of doubt regarding defendant's guilt than would be permitted under the Constitution of the United States.

The trial justice's instruction in the instant case explained:

"reasonable doubt exists when after you have thoroughly and conscientiously considered and examined all the evidence that is presented before you your mind is left in such a condition that you feel an abiding conviction, amounting to a moral certainty, of the completeness of the State's claim that the defendant is guilty of the charges."

We hold that the instruction was misleading at best, and violative of constitutional requirements at worst, and sufficiently confusing that we cannot be assured that the jury understood the meaning of reasonable doubt required under *Sullivan v. Louisiana,* —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The instruction can be understood as defining reasonable doubt as proof beyond a reasonable doubt and, thus, clearly wrong.

In consequence thereof, we grant the appeal, vacate the defendant's conviction and remand to the Superior Court.